OLNEY *et al.* v. VAN HEUSEN *et al.*, appellants.

*Contract — vendor and vendee — surety.*

Plaintiffs were owners of a patent fork, and defendants were engaged in establishing agencies for the sale thereof. Defendants wrote plaintiffs that they had appointed agents at K. for the sale of the forks and that they were responsible for all the forks they ordered on time, and " we will be, ourselves, personally responsible therefor." Attached to the letter was an order from the agents for forks, and for " fifty grapples and forty eight pulleys," to be paid for by them in a few months, the goods to be shipped directed to the agents. Upon receipt of the letter and order, plaintiffs sent the forks to the agents, but did not send the grapples and pulleys. Plaintiffs charged the forks to defendants upon their books, and defendants assented to this. In an action for the value of the forks, *held,* that the defendants were not sureties for the agents, so as to require a complete compliance with the terms of the order, but were personally liable for the forks as for goods sold to them.

APPEAL by defendants from a judgment at circuit in favor of plaintiffs. The action was brought by William R. Olney and Cyrenus M. Greene against George Van Heusen and Reuben M. Grems, to recover the value of a number of patent forks.

In June, 1870, the plaintiffs were engaged in the business of selling screw forks, and the defendants were also employed in selling such forks, through agents appointed by them, and which forks they procured from the plaintiffs. On the 10th June defendants addressed to plaintiffs a letter in the words and figures following, to wit:

"KENDUSKEOG, ME., 10 *June*, 1870.

" OLNEY & GREEN :

" GENTS — We have made Albert and Abner Clements agents at this place for 5 towns, they are responsible for all the forks they order on time, and you will send them as freight to Bangor, Me., as is usual, and we will be, ourselves, personally responsible to the company therefor.

" (Signed)    VAN HEUSEN & GREMS."

On the same paper was the following, signed by Albert Clements, one of the firm of Albert and Abner Clements referred to in the foregoing letter, viz.:

VOL. III, N. Y. REP.— 40

"KENDUSKEOG, *June* 20*th.*

" P. S.— Send me 48 forks as soon as you can conveniently. I will pay you as soon as I get my pay for them. I don't trust any but responsible men. Please write and let me know when and· on what boat. I want you to send me 50 grapples and 48 pulleys. I will put the money in the savings bank about October next if that will do.                 Yours, &c.,

"ALBERT CLEMENTS."

" Direct your freight to Albert Clements & Co."

On the 19th June, 1870, defendants wrote the following letters to plaintiffs, viz.:

"HAMPDEN, *June* 19, 1870.
" WM. R. OLNEY, Esq.:

DEAR SIR — You will probably soon receive an order from Albert & A. F. Clements, of Kenduskeog, for forks, and if so, you will deduct one fork less for the one we delivered them (don't forget).                 And oblige,

"VAN HEUSEN & GREMS."

These letters and the order were received by the plaintiffs, and they sent forty-seven forks to Albert Clements & Co., Bangor, Maine. Plaintiffs did not send the grapples or pulleys. The forty-seven forks were charged on plaintiffs' books to the defendants, at $7 each. Some two or three weeks after forwarding the forks, the defendant Grems was at plaintiffs' office and was shown the foregoing letters, order and charge on plaintiffs' books, and was told that the forks had been forwarded consigned to Albert Clements & Co.; he said it was all right, and he would straighten it up in a few days. The forks have not been paid for by any person.

The action was brought to recover for forty-seven forks. The case does not contain any answer, but as the cause was tried before the court without a jury, there must have been an answer put in.

The defendants gave no evidence. The court found most of the facts above stated, and ordered judgment in favor of the plaintiffs for the forty-seven forks, at $7 each, and from that judgment defendant appeals.

*E. L. Stevens,* for appellant, argued that in order to hold the defendants liable, the plaintiffs were bound to show the goods to have ·

been delivered in precise conformity to the terms of the letter of credit. *Walrath* v. *Thompson*, 6 Hill, 540; 2 N. Y. 185; *Dobbin* v. *Bradley*, 17 Wend. 422; *Leeds* v. *Dunn*, 10 N. Y. 469; *Robbins* v. *Bingham*, 4 Johns. 476; *Walsh* v. *Bailie*, 10 id. 180; *Birckhead* v. *Brown*, 5 Hill, 634; 2 Denio, 375; *Henderson* v. *Marrin*, 31 Barb. 297. The order was not entirely filled. *Corning* v. *Colt*, 5 Wend. 254; *Bruce* v. *Pearson*, 3 Johns. 526.

*J. S. Baker*, for respondents.

MULLIN, P. J. The defendants' counsel insisted on the trial, and in his points on the appeal, that defendants were sureties merely for the Messrs. Clements, and that as the plaintiffs had not complied with defendants' letter or the order of the Messrs. Clements, they could not recover for the value of the forks. Such a proposition cannot be maintained. The defendants purchased the forks upon their own responsibility; they were charged for them, and are bound to pay for them.

The plaintiffs might have treated the Messrs. Clements as the purchasers, and had they done so, there might be a question whether plaintiffs had so complied with the order as to entitle them to recover. But there is no such question in the case.

The plaintiffs were not bound to show that the forks came to the possession of the Messrs. Clements. Their contract was fully performed when they delivered the forks to a carrier to be taken to Bangor, as directed by Clements.

The judgment is right and must be affirmed.

*Judgment affirmed.*